1

2

3

4

5

6

7

8                                   **UNITED STATES DISTRICT COURT**

9                                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11    RENELL B. THORPE,                            Case No. CV 24-10695 CV (PVC)

12                        Plaintiff,
                                                   **ORDER DISMISSING COMPLAINT**
13            v.                                   **WITH LEAVE TO AMEND**

14    CORRECTIONAL OFFICER MOISE, et
      al.,
15
                        Defendants.
16

17

18                                              **I.**

19                                       **INTRODUCTION**

20
              On November 28, 2024, Plaintiff Renell B. Thorpe, a California state prisoner
21
      proceeding *pro se*, constructively filed a civil rights complaint pursuant to 42 U.S.C.
22
      § 1983.[1]  ("Compl.," Dkt. No. 1).
23

24

25

26    _____

      [1] The "mailbox rule" announced by the Supreme Court in *Houston v. Lack*, 487 U.S. 266
27    (1988), applies to section 1983 cases.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th
      Cir. 2009).  Pursuant to the mailbox rule, *pro se* prisoner legal filings are deemed filed on
28    the date the prisoner delivers the document to prison officials for forwarding to the court
      clerk.  *Id*.  Plaintiff signed his complaint on November 28, 2024, which the Court adopts
      as this action's constructive filing date.

                                                1

1   Congress mandates that district courts perform an initial screening of complaints in
2   civil actions where a prisoner seeks redress from a governmental entity or employee.
3   28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof,
4   before service of process if it concludes that the complaint (1) is frivolous or malicious,
5   (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief
6   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1–2); *see also*
7   *Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc).  For the reasons
8   stated below, the Complaint is DISMISSED with leave to amend.

9

10   **II.**

11   **ALLEGATIONS OF THE COMPLAINT**

12

13   Plaintiff sues four defendants: Correctional Officers Moise,[2] John Doe One, John
14   Doe Two, John Doe Three,[3] and Rivas.  (Compl. at 1–2, 7).[4]  These Defendants work at
15   California State Prison, Los Angeles County ("the Prison").  (*See id*. at 1, 3).  Plaintiff
16   sues them all in both their individual and official capacities.  (*Id.* at 2).[5]

17

18

19   [2] Plaintiff does not provide the first name for known officers.

20   [3] Generally, courts do not favor actions against "unknown" defendants.  *Wakefield v.*
     *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, a plaintiff may sue unnamed
21   defendants when the identity of the alleged defendants is not known before filing the
     complaint.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In such cases, a court
22   gives the plaintiff "the opportunity through discovery to identify unknown defendants,
     unless it is clear that discovery would not uncover the identities."  *Id.*  A plaintiff must
23   diligently pursue discovery to learn the identity of unnamed defendants.

24   [4] The Court cite to the pages of the Complaint and its attachments as though they were
     consecutively paginated, following the electronic page numbers assigned by the Court's
25   CM/ECF docketing system.

26   [5] The Complaint discusses Correctional Officer Rivas in its allegations (Compl. at 5) but
     does not list him formally as a defendant on the caption page (*see id.* at 1).  Nonetheless,
27   the Complaint later identifies Officer Rivas as a defendant.  (*See id.* at 7).  For the
     purposes of this order, the Court assumes Plaintiff intends to sue Officer Rivas in both his
28   individual and official capacities, as Plaintiff has done with the formally named
     Defendants (*see id.* at 1–2).

1    The Complaint broadly alleges that correctional officers beat Plaintiff after a fellow
2    inmate attacked him.  (*See id.* at 3–4).  Prison officials subsequently failed to provide
3    Plaintiff with adequate medical care and transferred him to a different facility where he
4    had known enemies as a form of retaliation.  (*See id.* at 4–6).  Plaintiff's Complaint does
5    not clearly identify each claim he pursues.  Nor does it completely identify which claims
6    apply to which Defendants.  However, based on this Court's review of the Complaint, it
7    appears that Plaintiff alleges Eighth Amendment violations based on cruel and unusual
8    punishment and deliberate indifference to medical care.  (*Id.* at 3).

9

10   Plaintiff's specific factual allegations are as follows.

11

12   In March of 2023, Plaintiff was incarcerated at the Prison.  (*See id.* at 1).  On or
13   approximately on March 14 of that year, a fellow inmate attacked Plaintiff.  (*Id.* at 1, 3).
14   The assailant repeatedly punched Plaintiff's face and eventually took Plaintiff to the
15   ground.  (*Id.* at 3).

16

17   Officer Moise was standing nearby during the attack.  (*Id.*).  He told the assailant to
18   stop, but the assailant continued to fight.  (*Id.*).  Officer Moise then intervened.  (*Id.*)  He
19   grabbed Plaintiff and pushed an alarm button.  (*Id.*).  Several correctional officers
20   responded.  (*Id.*).  During the ensuing commotion, Plaintiff's shirt came halfway off his
21   body and was over his head.  (*Id.*).  Officer Moise then "viciously" beat Plaintiff with a
22   baton.  (*Id.*).  The beating continued nonstop for approximately three minutes.  (*Id.*).
23   Other correctional officers joined the beating.  (*Id.*).  Officer Doe One pulled out pepper
24   spray and discharged the can at Plaintiff.  (*Id.*).  Officer Doe Two did not intervene to stop
25   the "kicks and blows" during the attack.  (*Id.*).  Plaintiff "assume[s]" that Officer Doe
26   Two assaulted Plaintiff.  (*Id.*).

27

28

3

1    Plaintiff did not resist, nor did he threaten any correctional officers.  (*Id.*).  He
2    received lacerations to his back, knees, and face because of the attack.  (*Id.*).

3

4    Plaintiff was subsequently taken to the Prison infirmary.  (*Id.* at 4).  He was taken
5    in a wheelchair because he could not walk.  (*Id.*).  However, when Plaintiff arrived, he did
6    not receive treatment.  (*Id.*).  Instead, he was sent back to his cell on crutches.  (*Id.*).  He
7    was still in pain and still burning "all over" because of the pepper spray.  (*Id.*).

8

9    The four Defendants Plaintiff names in this suit are members of the Lancaster
10   Emergency Response Team.  (*Id.*).  These members of the team have been placed on
11   notice about their "abusive conduct" and have received numerous complaints.  (*Id.*).

12

13   Plaintiff filed a grievance complaining about the assaults.  (*Id.* at 5).[6]  Months later,
14   Plaintiff received a response.  (*Id.*).  Defendant was called into a "program office," where
15   a correctional officer named Rivas told Plaintiff to drop his grievance "or else."  (*Id.*).
16   "[U]nder duress and fear for [his] life," Plaintiff withdrew his grievance.  (*Id.*).  Plaintiff
17   also told an unnamed lieutenant that he would drop his appeal for the same reason.  (*Id.*).

18

19   Plaintiff was subsequently attacked twice by inmates.  (*Id.*).  They told him that he
20   would be stabbed if he did not leave and that Officer Moise wanted Plaintiff off the yard.
21   (*Id.*).  They also told Plaintiff the attacks were in response to his grievance.  (*Id.*).
22   Plaintiff complained to an unnamed sergeant that he could no longer be at the Prison.
23   (*Id.*).  Plaintiff was placed in solitary confinement, where he filed a new grievance about
24   Officer Rivas's threats.  (*Id.*).  Plaintiff later spoke to an internal affairs representative
25   about his interactions with Officer Rivas and Moise.  (*Id.*).

26

27

28   _____
[6] The Complaint does not sufficiently explain who took which steps in this section of
Plaintiff's narrative.  The Court does its best to explain the allegations.

1    The Prison staff then transferred Plaintiff to a different facility where Plaintiff "had

2    known enemies[,] which are prison gang members who work for the police."  (*Id.* at 7).

3    The staff transferred Plaintiff "in a campaign of harassment."  (*Id.*).  Plaintiff has feared

4    for his life ever since the transfer.  (*Id.*).

5

6    Plaintiff seeks compensatory damages in the amount of $100,000 and punitive

7    damages in the amount of $100,000.  (*Id.* at 11).

8

9                                              **III.**

10                                        **DISCUSSION**

11

12    Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint

13    due to defects in pleading.  *Pro se* litigants in civil rights cases, however, must be given

14    leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be

15    cured by amendment.  *See Lopez*, 203 F.3d at 1128–29.  Accordingly, the Court grants

16    leave to amend.

17

18    A.    **The Complaint Plausibly Alleges Excessive Force Claims Against**

19          **Officers Moise and Doe One.**

20

21    Plaintiff alleges excessive force claims against Officers Moise and Doe One.  (*See*

22    Compl. at 3, 8).  The Eighth Amendment, as relevant here, prohibits "cruel and unusual

23    punishments."  U.S. Const. amend. viii.  That language proscribes "the unnecessary and

24    wanton infliction of pain" upon prisoners.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986)

25    (internal quotation marks and citation omitted).  This rule is animated by the fact that such

26    treatment is "totally without penological justification."  *Rhodes v. Chapman*, 452 U.S.

27    337, 346 (1981).

28

1    A plaintiff must make two showings to state a claim under the Eighth Amendment.

2  First, he must make "an 'objective' showing that the deprivation was 'sufficiently serious'

3  to form the basis for an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726,

4  731 (9th Cir. 2000).  In other words, the plaintiff must show that he was denied "the

5  minimal civilized measure of life's necessities" such as adequate food, clothing, shelter,

6  or medical care, or reasonable measures to ensure personal safety. *Farmer v. Brennan*,

7  511 U.S. 825, 832 (1994) (internal quotation marks omitted).  "[T]he unnecessary and

8  wanton infliction of pain" denies such safety and "constitutes cruel and unusual

9  punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5,

10  (1992) (citation omitted)

11

12    Second, the plaintiff must make "a 'subjective' showing that the prison official

13  acted 'with a sufficiently culpable state of mind,'" *Johnson*, 217 F.3d at 731.  This means

14  that the official knew of and consciously disregarded an excessive risk to the inmate's

15  health or safety. *Farmer*, 511 U.S. at 837.  "To be cruel and unusual punishment, conduct

16  that does not purport to be punishment at all must involve more than ordinary lack of due

17  care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.  "It is [a stubborn

18  persistence in wrongdoing] and wantonness, not inadvertence or error in good faith, that

19  characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

20  *Wilson v. Seiter*, 501 U.S. 294, 299 (1991) (internal quotation marks and citation omitted).

21

22    A higher standard exists when a claim concerns a prison official's actions to

23  resolve a prison disturbance. *See Whitley*, 475 U.S. at 320–21.  In such circumstances, the

24  appropriate question is "whether force was applied in a good faith effort to maintain or

25  restore discipline or maliciously and sadistically for the very purpose of causing harm."

26  *Id.* at 320 (quoting *Johnson v. Glick*, 481 F.2d at 1028, 1033 (2d Cir. 1973)).  The

27  appropriate factors to consider in this scenario are, "the need for the application of force,

28

6

1   the relationship between the need and the amount of force that was used, [and] the extent
2   of injury inflicted." *Id.* (quoting *Johnson*, 481 F.2d at 1033) (alteration in original).

3

4          Here, Plaintiff alleges that Officer Moise beat Plaintiff with a baton for
5   approximately three minutes straight.  (Compl. at 3).  Plaintiff also alleges that Officer
6   Doe One discharged a can of pepper spray at Plaintiff while his fellow officers beat
7   Plaintiff.  (*Id.*).  Though Officers Moise and Doe One took these actions following a fight
8   between Plaintiff and another inmate, the Complaint alleges no ongoing threat.  Instead, it
9   alleges that the Defendant officers responded to break up an inmate attack of which
10  Plaintiff was the victim.  (*Id.*).  The Complaint alleges that Plaintiff was constrained by his
11  partially removed T-shirt during the events in question and that he made no threats to the
12  officers.  (*Id.*).  If these allegations are true, there was no penological justification for
13  beating Plaintiff continuously for three minutes.  There was no need to apply force to a
14  prisoner who appeared to be compliant.  And three minutes of beating was certainly
15  excessive given the lack of fight Plaintiff allegedly put up.  Finally, during this attack,
16  Plaintiff received serious injuries: lacerations on his back, knees, and face.  (*Id.*).  The
17  alleged force Officer Moise used was excessive.  So too as the force Officer Doe One
18  used.  There was no justification for pepper spraying Plaintiff, who posed no active threat.
19  These allegations sufficiently allege a serious disregard for human safety rising to the
20  level of an Eighth Amendment violation.

21

22         While Plaintiff's Complaint makes no allegations about Officer Moise's and Doe
23  One's states of mind, the circumstances of the events alleged are enough to show
24  subjectively that Officers Moise and Doe One had the requisite subjective states of mind
25  to pass screening.  The allegations show no need whatsoever to use the type of force
26  Plaintiff describes.  Beating someone continuously for three minutes straight implies a
27  level of maliciousness and sadism articulated in *Whitley*.  The same is true for pepper
28  spraying an inmate who poses no active threat to corrections officers or the peaceful

7

maintenance of a prison.  Accordingly, Plaintiff has sufficiently stated Eighth Amendment excessive force claims against Officers Moise and Doe One.

### B. However, the Complaint Fails to Plausibly Allege Excessive Force Claims Against Doe Two Because the Complaint Violates Federal Rule of Civil Procedure 8(a).

Plaintiff also alleges an excessive force claim against Officer Doe Two.  (Compl. at 8).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Complaint violates Rule 8 because Plaintiff does not clearly allege the specific facts giving rise to each claim or identify the specific Defendant or Defendants who committed the wrongful acts.  Without more specific information, Defendants cannot respond to the Complaint.  *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

Plaintiff alleges that he "assume[s]" that Officer Doe 2 also assaulted him. (Compl. at 3).  This allegation fails to provide sufficient information as required by Rule 8.  It does put Officer Doe Two on notice about his allegedly unconstitutional actions because it fails to describe them in sufficient detail.  Accordingly, Plaintiff's direct excessive force claim against Officer Doe Two is dismissed without prejudice.  If, in the course of discovery, Plaintiff finds information that confirms his assumption, he will be entitled to add Officer Doe Two as a new defendant.  *See* Fed. R. Civ. P. 15, 20, 21.

8

1

2

3

    **C.**      **Additionally, the Complaint Fails to Plausibly a Supervisory Liability**
        **Claim Against Officer Doe Two.**

4        Plaintiff alleges an Eighth Amendment cruel and unusual punishment claim against

5  Officer Doe Two based on "his failure to supervise the other Defendants." (Compl. at 8–

6  9). Government officials, like Officer Doe Two, are not liable under §1983 simply

7  because their subordinates engage in unconstitutional conduct. *See Ashcroft v. Iqbal*, 556

8  U.S. 662, 676 (2009). Where a plaintiff sues a supervisor but does not allege that the

9  supervisor *directly* participated in the constitutional violation, a "sufficient causal

10  connection" to the violation may be shown where the supervisor "set 'in motion a series

11  of acts by others, or knowingly refused to terminate [such acts], which he knew or

12  reasonably should have known, would cause others to inflict the constitutional injury.'"

13  *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (quoting *Larez v. City of*

14  *Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)); *see also Preschooler II v. Clark Cnty. Bd.*

15  *of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (a supervisor may be held accountable only

16  "for his own culpable action or inaction in the training, supervision, or control of his

17  subordinates, for his acquiescence in the constitutional deprivations of which the

18  complaint is made, or for conduct that showed a reckless or callous indifference to the

19  rights of others").

20

21        Here, as explained above, Plaintiff does not sufficiently allege that Officer Doe

22  Two directly participated in the attack at the heart of this case, and the extent of Officer

23  Doe Two's supervisory role is limited to Plaintiff's allegations that Officer Doe Two "is a

24  sergeant [who] has failed to take disciplinary action" against subordinates. (Compl. at 4).

25  This allegation does not show that Officer Doe Two set in action the events that led to

26  Plaintiff's assault or that Officer Doe Two knew that his actions would lead to

27

28

1  unconstitutional conduct.  Accordingly, Plaintiff's Eighth Amendment excessive force

2  claim based on supervisor liability is dismissed with leave to amend.[7]

3

4    **D.    The Complaint Fails to Plausibly Allege Excessive Force Claims**

5    **Against Officer Doe Three Because the Complaint Violates Federal**

6    **Rule of Civil Procedure 8(a).**

7

8    Plaintiff seems to allege an excessive force claim against Officer Doe Three.

9  (Compl. at 9).  However, the Complaint alleges no facts to suggest that Officer Doe Three

10  was directly involved in the attack Plaintiff describes.  Plaintiff provides conclusory

11  statements alleging that Defendant Doe Three "demonstrated deliberate indifference" and

12  violated Plaintiff's Eighth Amendment rights in a way that caused Plaintiff "to suffer

13  physical injuries to his back, knees, legs, and ribs."  (*Id.*).  However, under Rule 8, this

14  language does not provide Officer Doe Three with sufficient notice about the specific

15  actions *he* took to violate Plaintiff's Eighth Amendment rights.

16

17    Accordingly, Plaintiff's excessive force against Officer Doe Three is dismissed

18  with leave to amend.  If Plaintiff wishes to amend his complaint, he must state each claim

19  separately and identify the specific Defendants, such as Officer Doe Three, who are

20  allegedly liable for each claim, even if Plaintiff does not presently know their names.  In

21  addition, Plaintiff should clearly, precisely, and briefly identify the legal basis and the

22  essential facts underlying each claim.  Therefore, in an amended complaint, Plaintiff

23  should clearly state:

24

25    (1)    What each Defendant—including, separately, each Doe Defendant—did to

26        cause Plaintiff harm;

27

28  [7] This analysis should not be interpreted as precluding a claim based on a failure to intervene.  *See Robins v. Meecham*, 60 F.3d 1436 (9th Cir. 1995).

(2)    When and where each Defendant committed the alleged acts;

(3)    What harm resulted from each Defendant's alleged acts; and,

(4)    What federal statute or constitutional right each Defendant violated.

### E.    The Complaint Fails to Plausibly Allege an Eighth Amendment Deliberate Indifference to Medical Needs Claim.

Plaintiff generally raises an Eighth Amendment deliberate indifference claim.  (*Id.* at 3).  The Eighth Amendment imposes on the government "an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute [a constitutional] violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)).  "[T]o prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Id.* (quoting *Estelle*, 97 U.S. at 104).

Here, Plaintiff alleges facts that could possibly establish an Eighth Amendment claim.  According to the Complaint, Plaintiff was so severely injured that he required a wheelchair to get to the infirmary.  (Compl. at 4).  Despite sustaining injuries to his back, knees, and face, Plaintiff received no medical care and was sent to his cell on crutches. (*See id.* at 3–4).  These facts could potentially rise to an Eighth Amendment claim; Plaintiff alleges serious medical injuries and a failure to treat them.  However, the description Plaintiff provides of these events is insufficient to pass screening.  Like above, Plaintiff's Complaint violates Rule 8.  It fails to identify who at the infirmary chose not to treat Plaintiff.  It fails to describe the situation in detail to understand whether any prison staff members were deliberately indifferent.  The Court is unable to tell whether any specific potential Defendants were on notice of Plaintiff's injuries, how serious the injuries were, and if prison staff members chose to ignore the injuries.  Accordingly,

1  Plaintiff's Eighth Amendment claim for deliberate indifference to medical needs is

2  dismissed without prejudice.

3

4       **F.**    **The Complaint Impermissibly Seeks to Hold the State of California**

5               **Liable for Constitutional Violations.**

6

7       Pursuant to the Eleventh Amendment, a state and its official arms are immune from

8  suit under section 1983.  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Cal. Dept.*

9  *of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh

10  Amendment immunity with respect to claims brought under § 1983 in federal court").

11  "[A] suit against a state official in his or her official capacity . . . is no different from a suit

12  against the State itself."  *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (citation

13  omitted).  Therefore, state officials sued in their official capacity are generally entitled to

14  immunity.  *Id.* at 825.  However, state officials sued in their official capacity are

15  considered "person[s]" when they are sued for prospective injunctive relief under section

16  1983, and the Eleventh Amendment does not bar such claims.  *Id.* (citing *Kentucky v.*

17  *Graham*, 473 U.S. 159, 167 n.14 (1985)).

18

19       Here, Plaintiff sues all named Defendants in their official capacities.  (*See* Compl.

20  at 2).  He does not pursue injunctive relief.  (*See id.* at 11).  Accordingly, Plaintiff's

21  official capacity claims are dismissed with leave to amend.

22

23       **G.**    **The Complaint Fails to Adequately Allege Any Claims Against Officer**

24               **Rivas by Violating Rule 8.**

25

26       As explained in footnote five, Plaintiff potentially attempts to state a claim against

27  Officer Rivas.  The Complaint alleges that Officer "Rivas violated Plaintiff['s] right to be

28  free from cruel and unusual punishment guaranteed to the Plaintiff by the Eighth

Amendment." (Compl. 7). The factual allegations concerning Officer Rivas largely involve threats Officer Rivas made to Plaintiff for participating in the prison grievance system. (*See id.* at 5). Such allegations establish no deprivation of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 832 (internal quotation marks omitted). Accordingly, any potential claim against Officer Rivas is dismissed without prejudice.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he must file a First Amended Complaint within **thirty days from the date of this Order**. In any amended complaint, Plaintiffs shall cure the defects described above. If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts"). In addition, the First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment, or document.

An amended complaint entirely takes the place of the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat any preceding complaint, including any exhibits attached to the preceding complaint, as nonexistent. *Id.* If Plaintiff wishes the Court to consider any exhibits from the original Complaint, he must re-attach them to the First Amended Complaint. Because the Court grants Plaintiff leave to amend all the claims raised here, any claim raised in the original Complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Plaintiff should confine his allegations to the essential facts supporting each of his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff must describe, to the extent possible, what each separate Defendant, including each separate Doe Defendant, if any, did to violate his rights; where and when the wrongful conduct occurred; the harm that Plaintiff suffered from the Defendant's acts and omissions; and the constitutional right or statute that each Defendant violated. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient legal or factual basis.

The Court cautions Plaintiff that it generally will not be inclined to grant further opportunities to amend if the First Amended Complaint continues to assert claims for which relief cannot be granted for the reasons explained in this Order. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *Ismail v. Cnty. of Orange*,

917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Cafasso*, 637 F.3d at 1058 ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted).  Thus, if Plaintiff files a First Amended Complaint with claims that repeat the same pleading defects addressed in this Order, the Court may recommend that the First Amended Complaint be dismissed with prejudice for failure to state a claim.

Instead of filing a First Amended Complaint, Plaintiff may choose to stand on the defective claims in the original Complaint, but must expressly notify the Court in writing of his intention to do so by the same deadline for filing an amended complaint, *i.e.*, thirty days from the date of this Order.  Plaintiff is cautioned, however, that when a plaintiff chooses to stand on a defective complaint despite having been afforded the opportunity to amend, the district court may dismiss any defective claims under Federal Rule of Civil Procedure 12(b)(6) and allow the action to proceed only on the surviving claims, if any, that sufficiently state a claim.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).  Plaintiff is advised that if he elects to stand on the defective claims in his original Complaint, the Magistrate Judge will recommend that the Court dismiss some or all of his claims for the reasons stated in this Order.  *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1992) (a plaintiff granted leave to amend a pleading "may elect to stand on her pleading and appeal"); *Edwards*, 356 F.3d at 1065 ("When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.").

Accordingly, Plaintiff is ORDERED to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint within thirty days of the date of this Order.  **Plaintiff is explicitly cautioned that the failure to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint by the Court's**

1  **deadline *will* result in a recommendation that this action be dismissed with prejudice**

2  **for failure to prosecute and obey court orders pursuant to Federal Rule of Civil**

3  **Procedure 41(b).**  *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th

4  Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's *ultimatum* --

5  either by amending the complaint or by indicating to the court that it will not do so -- is

6  properly met with the sanction of a Rule 41(b) dismissal.'") (quoting *Edwards*, 356 F.3d

7  at 1065) (emphasis in original).  Plaintiff is further advised that if he no longer wishes to

8  pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in

9  accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is**

10 **attached for Plaintiff's convenience.**

11

12 DATED: August 4, 2025

13

14

15 PEDRO V. CASTILLO
   UNITED STATES MAGISTRATE JUDGE

16